## Commonwealth ex rel. District Attorney v. Bitner.

*Edmund C. Wingerd,* for writ.

*A. J. White Hutton, John W. Hoke* and *Isaac I. Wingert,* contra.

DAVISON, P. J., Aug. 24, 1928.—On June 12, 1928, a suggestion for a writ of *quo warranto* was filed in the above matter and said writ was allowed by the court on that day, returnable to the first Monday in July, 1928. This writ was directed to said defendant to show by what authority he exercises or claims to have, hold and enjoy the office of Tax Collector of the Borough of Chambersburg, in said County of Franklin.

On June 30, 1928, said respondent, George H. Bitner, filed a motion to quash said writ, and on July 30, 1928, a stipulation was filed with the court, by which it was agreed by counsel for both parties to said action that the pleadings so filed should be considered and accepted by the court as information and answer, wherein is raised for determination the sole question whether the election for Tax Collector of the Borough of Chambersburg in the year 1927 was authorized by law, and if the court concludes as a matter of law that said election for tax collector was authorized, then the present *quo warranto* proceeding to be dismissed, but, if the court concludes said election was unauthorized, then a judgment of ouster to be entered, both parties reserving the right to file exceptions to the court's findings and conclusions and to appeal.

The only question then to be decided in this proceeding is the single one, "Was the election for Tax Collector of the Borough of Chambersburg held in the year 1927 authorized by law?" The court, under these circumstances, does not have before it any question of the proper procedure in this matter or any other questions, but only the single one as above agreed upon. There are no disputed facts, and they may be stated as follows:

At the municipal election of 1925, John U. Boyd was elected Tax Collector of the Borough of Chambersburg for a regular term of four years, which term would have expired the first Monday of January, 1930, and his successor would have been elected at the municipal election of 1929. Said John U. Boyd died on Sept. 4, 1926, and on Dec. 6, 1926, the Town Council of the Borough of Chambersburg took action for the appointment of Paul D. Tarner as tax collector of said borough, and said Paul D. Tarner entered upon his duties as such tax collector. This action of the town council was taken under the Act of May 8, 1923, P. L. 171.

At the primary election for the year 1927 the names of candidates for nomination for Tax Collector of the Borough of Chambersburg appeared on

the official ballots and were regularly voted for and said George H. Bitner received the highest number of votes cast for candidates on the Republican ticket and was certified by the election officers as nominated for said office. At the municipal election for the year 1927 the name of George H. Bitner, Republican, and John L. Etchberger, Democratic and Prohibition, appeared as candidates for "tax collector," and said George H. Bitner was returned by the election officers of said Borough of Chambersburg as elected to that office and received the certificate as such. No term was set forth on said official ballots for said office.

On March 20, 1928, a suggestion for a writ of quo warranto, "Commonwealth of Pennsylvania ex relatione Paul D. Tarner v. George H. Bitner," was filed and the writ was allowed. This writ was directed to said George H.. Bitner to show by what authority he exercised said office of tax collector. A motion to quash said writ was filed by said respondent, and on April 27, 1928, said writ was dissolved and said proceedings dismissed by the court. This action was taken because the court held said Paul D. Tarner, the relator, had no title or claim to the said office and, therefore, had no standing to contest the title of said George H. Bitner to said office.

The Town Council of the Borough of Chambersburg and the Chambersburg School District have refused to deliver their respective tax duplicates for the year 1928 to said George H. Bitner, pending disposition of said writ allowed June 12, 1928. The County of Franklin has delivered to him the duplicate for the collection of 1928 county and State taxes.

It is contended by the relator that the election for tax collector in 1927 must have been held under the provisions of the Act of May 8, 1923, P. L. 171, which act provided that in case of a vacancy in the office of tax collector the borough council should fill such office and that such appointment should be until the next municipal election, at which election a collector should be elected for four years, but that this act was specifically repealed by the General Borough Act of 1927, P. L. 519, and that, as the latter act, in section 850, provided for the election of a borough tax collector in 1929 and every four years thereafter, there was no authority for the election of a tax collector for any term in 1927, and, hence, that there being no authority for the election, it is a nullity.

On the other hand, the respondent urges on us that the election was properly held and he is entitled to the office of tax collector by reason of his having been chosen to that office at such election. His contention is that by the Act of June 25, 1885, P. L. 187, the people of each borough and township were authorized to elect a collector of taxes each year; that this section of said act was amended by the Act of June 6, 1893, P. L. 333, by the provisions of which a tax collector was to be elected for three years; that the Act of 1893 being repealed by the General Borough Act of 1927, the 1st section of the Act of 1885 is now the law, and that, by applying to that act the amendments of section 3 of article VIII of the Constitution of Pennsylvania and the schedule for the adjustment of terms, the term provided for in that Act (1885) is automatically extended to two years, and that the election held in 1927 for said tax collector was authorized by the provisions of that act.

This position of the respondent was argued most ably by his counsel, but we are not able to agree with it. Prior to the passage of the Act of 1885, there was no provision in the law for the Borough of Chambersburg to elect a tax collector, but such officer was appointed. By the Act of 1885, the provisions of section 1 of which were as follows: "That the qualified electors of each borough shall, on the third Tuesday of February of each year, elect a

collector of taxes, whose term shall commence on the first Monday of April next after his election," said borough was authorized to elect a tax collector for a one-year term beginning the first Monday in April. By the Act of 1893, which is as follows, in section 1, "That the qualified electors of every borough shall, on the third Tuesday of February after the passage of this act and triennially thereafter, vote for and elect one properly-qualified person for tax collector, who shall serve for three years and shall give a bond annually approved by the court," and which repealed all parts of acts inconsistent therewith, the said section 1 of the Act of 1885, being inconsistent, was repealed, and the Act of 1893 provided the only law for the election of a tax collector in said borough, and this for a three-year term. By the amendment to section 3 of article VIII of the Constitution (1909) (1913), it was provided "that all elections for . . . borough . . . officers for regular terms of service shall be held on the municipal election day, namely, the Tuesday next following the first Monday of November in each odd-numbered year." By the schedule to the amendments to the Constitution of 1909, it was provided "that no inconvenience may arise from the change in the Constitution of the Commonwealth, and in order to carry the same into complete operation, it is hereby declared that:

"In the case of officers elected by the people, all terms of office fixed by Act of Assembly at an odd number of years shall each be lengthened one year, but the Legislature may change the length of the term, provided the terms for which such officers are elected shall always be for an even number of years.

"The above extension of official terms shall not affect officers elected at the general election of one thousand nine hundred and eight; nor any city, ward, borough, township or election division officers whose term of office under existing law end in the year one thousand nine hundred and ten.

"In the year one thousand nine hundred and ten the municipal election shall be held on the third Tuesday of February as heretofore; but all officers chosen at that election to an office the regular term of which is two years, and also all election officers and assessors chosen at that election, shall serve until the first Monday of December in the year one thousand nine hundred and eleven. All officers chosen at that election to offices the term of which is not four years, or is made four years by the operation of these amendments or this schedule, shall serve until the first Monday of December in the year one thousand nine hundred and thirteen. All justices of the peace, magistrates and aldermen chosen at that election, shall serve until the first Monday of December in the year one thousand nine hundred and fifteen, after the year nineteen hundred and ten, and until the Legislature shall otherwise provide, all terms of city, ward, borough, township, and election division officers shall begin on the first Monday of December in an odd-numbered year.

"All city, ward, borough, and township officers holding office at the date of the approval of these amendments, whose terms of office may end in the year one thousand nine hundred and eleven shall continue to hold their offices until the first Monday of December of that year.

"All judges of the courts for the several judicial districts, and also all county officers, holding office at the date of the approval of these amendments, whose terms of office may end in the year one thousand nine hundred and eleven, shall continue to hold their offices until the first Monday of January, one thousand nine hundred and twelve."

The Act of March 2, 1911, P. L. 8, was passed to carry into complete operation the amendments to the Constitution, and provided for the extension of

terms of public officers, which included all officers elected by vote of the people, until the first Monday of January in the next even-numbered year after the expiration of their term.

We have, therefore, the Act of 1893 providing for a tax collector to be elected for a three-year term at the February election of 1894 and triennially thereafter; the amendment to the Constitution of 1909 applied to that act and the election date changed to the first Tuesday after the first Monday of November in each odd-numbered year; the term of office changed and was extended by the schedule to the amendments from three to four years and the time for expiration fixed at the first Monday of December after said election; and by the Act of 1911 said expiration was fixed at the first Monday in January after election. These various changes in the law applied to the office of tax collector in the Borough of Chambersburg; hence, the term of John U. Boyd was for four years, beginning the first Monday of January, 1926.

The act of assembly in force at the time of the death of said John U. Boyd, providing for the filling of a vacancy in the office of tax collector, was the Act of May 8, 1923, which provided as follows, in section 1:

"Be it enacted, etc., that if any vacancy shall occur in the office of tax collector, after any borough election, by reason of the erection of any new borough; or if the duly qualified electors of any borough shall fail to elect a tax collector; or when a tax collector that has been elected shall fail to qualify, or shall fail or neglect to perform the duties of such office, or shall neglect to give bond on or before the fourth day of the term of quarter sessions ensuing his election; or if any other vacancy shall occur by death, resignation or otherwise, the borough council of the borough, in which such vacancy exists, shall fill such office by appointing, by resolution, a suitable person, resident of the district in which such vacancy exists. Such appointment shall be until the next municipal election, at which election a collector shall be elected for four years."

This act provided for the election of a successor in case of vacancy, at the next municipal election after said vacancy occurred, for a term of four years, clearly recognizing that as the term of office for an elected tax collector. If that act had not been repealed, there would have been no question as to the proper procedure in the instant case; but the General Borough Act of 1927, in section 3301, repealed said Act of 1923, and as this act went into effect on July 1, 1927, the repeal of the Act of 1923 was effective before the primary and municipal elections of 1927, and there was no authority in it for an election of tax collector in 1927. The respondent recognizes this, and, as the Act of 1893 was also repealed by said General Borough Act of 1927, and as that act provided for an election of tax collector at the municipal election of 1929 for a four-year term and makes no provision for any election for said office before that time, he is driven to attempt to rely on said Act of 1885 for authority for an election of tax collector for a two-year term. The Act of 1893 having been repealed and the Act of 1927 not providing for any election for tax collector until 1929, we are left without any authority for an election for a tax collector until that time, unless it is authorized by the Act of 1885. No legal election can be held without authority, either constitutional or statutory, for the same, and, therefore, unless we have authority for the election held in 1927, it must be held to be a nullity, and, under the stipulation filed in the instant case, the respondent must be ousted from said office. As has been said, the only authority claimed to exist by the respondent is the Act of 1885, and, in order to have it apply so as to authorize said election, we must apply to it the amendments to the Constitution, the schedules and the acts of

assembly heretofore referred to changing, amending and extending said term of office, but when said amendments, schedules and acts of assembly were passed said Act of 1885 had been repealed and the Act of 1893 was in force, and they were applied to that act and its terms were extended and changed thereby. Now it is contended that the Act of 1885 again becomes the law by the repeal of the Act of 1893 by the Act of 1927, and that we should apply these changes and extensions to that act. To argue that the Act of 1885, not revived until 1927, should have applied to it the amendments of 1909 and the schedules thereto and the Act of 1911, when all had heretofore been applied to the Act of 1893, is, to our mind, to state a proposition which falls of its own weight. The extensions and changes of terms having been applied to the office of tax collector under the act then in force cannot now be called into force to affect an act then dead, and, if revived at all, not until 1927.

If, therefore, said Act of 1885 again becomes the law by the repeal of the Act of 1893, it becomes such as it stands on the statute books, unaffected by the amendments to the Constitution, the schedules thereto and the various acts of assembly, to carry the same into effect, and, as such, it is repugnant to the law as to time of election of a tax collector, term of office and time when said term begins, and could not be reconciled to the constitutional and statutory changes made since its passage. We are, therefore, compelled to hold that the Act of 1885 could not, even if now the law, have authorized the election of a tax collector in 1927.

In addition to the reasons for holding said Act of 1885, even if now in force, was no authority for the election of a tax collector in 1927, we have the provision of section 103 of the General Borough Act of 1927, which is as follows: "The repeal by this act of an act of assembly, or part thereof, shall not revive any act or part thereof heretofore repealed or superseded." Section 1 of the Act of 1885 was repealed by the Act of 1893, as inconsistent therewith, and under the terms of the Act of 1927 the repeal of the Act of 1893 would not revive said section 1 of the Act of 1885, and, hence, that act cannot be relied upon as authorizing an election in 1927 for a tax collector for any term, as it is not again made the law by repeal of the Act of 1893. It is true that the Act of 1927 only specifically repeals two sections of the Act of 1885, but this has no significance in the matter at bar, as we are only concerned with section 1 of said act, and if it is not revived, the other sections can avail nothing to the respondent in his contention that that act authorized an election for tax collector in 1927.

As there is no authority for said election under said Act of 1885 and no other act furnishing such authority, we are constrained to hold that the election for Tax Collector of the Borough of Chambersburg in the year 1927 was not authorized by law.

That the term of tax collector was made four years by the amendments to the Constitution and schedules thereto seems to us too plain to need discussion, and, therefore, we can find no authority whatever for an election in 1927 for a two-year term so as to expire at a time to comply with an election in 1929, as provided for by said General Borough Law. The term being fixed at four years, no one can be elected for any other time unless some law so provides, and as we know of none, we cannot agree with the contention that there should be an election in 1927 for a two-year term. The argument that the election of 1927 was not for the purpose of filling an unexpired term but for electing a successor for a new term of office, which term could not extend beyond the first Monday of January, 1930, because of the provisions of the Act of 1927 for an election in 1929, does not impress the court at all. There

was an unexpired term of John U. Boyd, being filled partially by Paul D. Tarner, who was, at least, *de facto* tax collector, and with a balance of the term, after the expiration of Tarner's occupancy, to be filled by some authority; but nowhere can we find such authority for an election in 1927 for said two years or any other time.

It was also urged on us that section 850 of the General Borough Act is unconstitutional, but we cannot agree with that contention, and under the law applicable to the case at bar, we do not deem it necessary to discuss our reasons for so holding. Even if said section of that act was unconstitutional, there would be no authority for an election of tax collector in 1927.

We are, therefore, of the opinion that the election for Tax Collector of the Borough of Chambersburg held in the year 1927 was not authorized by law, and, therefore, under the terms of the stipulation filed in said matter a judgment of ouster against said defendant must be entered by the court. As the court has previously held that Paul D. Tarner is not entitled to the said office of tax collector, and now holds that said George H. Bitner is not entitled to the same, it is now decided that a vacancy in the office of Tax Collector of the Borough of Chambersburg exists and has existed since the municipal election of 1927.

Now, Aug. 24, 1928, judgment of ouster from the office of Tax Collector of the Borough of Chambersburg is hereby entered against George H. Bitner, the respondent. Costs of this proceeding to be paid by said respondent.

From King Alexander, Chambersburg, Pa.